1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| JOHN WESELEYE WALKER, CDCR #D-44672, | CASE NO.    14CV1558 BEN (PCL) |
| Plaintiff, | **ORDER:** |
| vs. | **(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **[Docket No. 2]; and** |
| M. BECCERA, Correctional Officer; M.D. CARYIO, Correctional Lieutenant; J. HATFIELD, Correctional Lieutenant; S. ANDERSON, Associate Warden, | **(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |
| Defendants. | |

21        John Weseleye Walker, ("Plaintiff"), currently incarcerated at Calipatria State
22  Prison located in Calipatria, California, and proceeding pro se, has initiated a civil rights
23  action pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the civil filing fee; instead
24  he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.
25  § 1915(a) (Docket No. 2).

26  **I.    PLAINTIFF'S MOTION TO PROCEED IFP**
27        All parties instituting any civil action, suit or proceeding in a district court of the
28  United States, except an application for writ of habeas corpus, must pay a filing fee of

$350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]."  *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  Because Plaintiff is currently incarcerated, he is a prisoner as defined by 28 U.S.C. § 1915(h), and therefore subject to the PLRA's requirements and limitations.  *Ageyman*, 296 F.3d at 886.

Under 28 U.S.C. § 1915, as amended by the  PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  *Andrews*, 398 F.3d at 1119.  The trust account statement shows that Plaintiff has insufficient funds to pay an initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Docket No. 2], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

### A.   Standard of Review

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining

whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

**B.    42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao*

1  *v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

2  **C.   Due Process**

3  Plaintiff claims that he was denied a "fair and impartial" disciplinary hearing when

4  he was accused of attacking another inmate and the hearing resulted in a "SHU" term.

5  (Compl. at 3.)  The Due Process Clause protects Plaintiff against the deprivation of

6  liberty without the procedural protections to which he is entitled.  *Wilkinson v. Austin*,

7  545 U.S. 209, 221 (2005). To state a due process claim, Plaintiff must first identify the

8  interest at stake.  *Id.* at 221.  Liberty interests may arise from the Due Process Clause

9  itself or from state law.  *Id.*

10  The Due Process Clause by itself does not confer on inmates a liberty interest in

11  avoiding more adverse conditions of confinement, and under state law, the existence of

12  a liberty interest created by prison regulations is determined by focusing on the nature

13  of the condition of confinement at issue.  *Id.* at 221-23 (citing *Sandin v. Conner*, 515

14  U.S. 472, 481-84 (1995)) (quotation marks omitted).  Liberty interests created by prison

15  regulations are generally limited to freedom from restraint which imposes "atypical and

16  significant hardship" on the inmate "in relation to the ordinary incidents of prison life."

17  *Id.* at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th

18  Cir. 2007).

19  In this case, Plaintiff has failed to establish a liberty interest protected by the

20  Constitution because he has not alleged, as he must under *Sandin*, sufficient facts related

21  to the conditions in the "SHU" which show "the type of atypical, significant deprivation

22  [that] might conceivably create a liberty interest." 515 U.S. at 486.  For example, in

23  *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff

24  possessed a liberty interest in avoiding disciplinary segregation:  (1) the disciplinary

25  versus discretionary nature of the segregation; (2) the restricted conditions of the

26  prisoner's confinement and whether they amounted to a "major disruption in his

27  environment" when compared to those shared by prisoners in the general population; and

28  (3) the possibility of whether the prisoner's sentence was lengthened by his restricted

custody.  *Id.* at 486-87.

Therefore, to allege a due process violation, Plaintiff's Complaint must contain sufficient "factual content that allows the court to draw the reasonable inference" that his undefined stay in administrative segregation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life.  *Iqbal*, 556 U.S. at 678; *Sandin*, 515 U.S. at 483-84.  Plaintiff's Complaint, however, fails to include any "further factual enhancement" which might suggest any major disruption in his environment, any comparison to the conditions of his previous confinement in the general population, or any mention whatsoever as to its potential effect on the length of his sentence.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *Sandin*, 515 U.S. at 486-87.  Plaintiff must offer more that "naked assertions devoid of further factual enhancement" in order to state a due process claim; and instead must include "sufficient factual matter," *id.,* which demonstrates "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process.  *Sandin*, 515 U.S. at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).  This he has failed to do; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of administrative segregation, and thus, has failed to state a due process claim.  *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (concluding that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement); *Toussaint v. McCarthy*, 801 F.2d 1080, 1091 (9th Cir.1985) (finding that administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration), *abrogated in part on other grounds by Sandin*, 515 U.S. 472; *see also Myron*, 476 F.3d at 718 (finding no "atypical and significant deprivation" where prisoner failed to allege conditions at level IV prison differed significantly from those at a level III prison).

/ / /

/ / /

14cv1558

Accordingly, the Court finds Plaintiff's Complaint also fails to state a due process claim as to any named Defendant upon which relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

## III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is **GRANTED**.

2.     The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.     The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.     Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

/ / /

14cv1558

1     If Plaintiff fails to file an Amended Complaint within the time provided, this civil

2  action shall remain dismissed without prejudice and without further Order of the Court

3  based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to

4  28 U.S.C. § 1915(e)(2) and § 1915A(b).

5     5.     The Clerk of Court is directed to mail a court approved civil rights

6  complaint form to Plaintiff.

7

8

9  DATED:  July 21, 2014

10  _____

11  Hon. Roger T. Benitez
   United States District Judge

-8-

14cv1558