# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESELEYE WALKER,<br>CDCR #D-44672,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>M. BECERRA; M.D. CARYIO;<br>J. HATFIELD; S. ANDERSON,<br><br>　　　　　　　　　　　Defendants. | Civil No.　　14cv1558 BEN (PCL)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

**I.　PROCEDURAL HISTORY**

On June 26, 2014, John Weseleye Walker ("Plaintiff"), currently incarcerated at Calipatria State Prison ("CAL") located in San Diego, California, and proceeding pro se, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1). This Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. (Doc. No. 3.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On October 23, 2014, Plaintiff filed his First Amended Complaint ("FAC") (Doc. No. 7.)

**II.　SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)**

　　**A.　Standard of Review**

As the Court previously informed Plaintiff, notwithstanding IFP status or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA") obligates

the Court to review complaints filed by all persons proceeding IFP, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2)(B), § 1915A(a), (b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### B. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Plaintiff's Allegations

Plaintiff was charged with a rules violation following a "racial riot" and placed in Administrative Segregation ("Ad-Seg"). (Compl. at 4.) Following the issuance of the rules violation report, Plaintiff was "seen" by Senior Hearing Officer Carpio on August 28, 2012. (*Id.* at 5.) At this hearing, Plaintiff was found "guilty based on an assertion of evidence supplied by the written reports of Correction Officers M. Becerra, L. Luccy and E. Duarte." (*Id.*) Plaintiff claims that due to "Defendant M. Beccerra's act of negligence and deliberate indifference of writing a false report, Plaintiff was held in Ad-Seg and given a "SHU" term with "90" days added to Plaintiff's prison sentence." (*Id.* at 8.)

///

///

### D. Eighth Amendment Claims

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See id.* at 833; *Hoptowit v. Ray* 682 F.2d 1237, 1250-51 (9th Cir. 1982) ("Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."). However, a prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Deliberate indifference" requires that the official knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*.

As currently pleaded, the Court finds Plaintiff has failed to allege facts sufficient to support a plausible claim for relief under the Eighth Amendment against Defendants because he has failed to include "further factual enhancement" from which the Court may reasonably infer that Defendants acted, or failed to reasonably act, under circumstances which presented a "substantial" or obvious risk" of "imminent" harm to Plaintiff. *See Iqbal,* 556 U.S. at 678*; Baze v. Rees*, 553 U.S. 35, 50 (2008) (to be deliberately indifferent, a prison official must fail to reasonably act under circumstances which are "'sure or very likely to cause serious . . . and needless suffering'" and which "give rise to 'sufficiently imminent dangers.'" (quoting *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993)).

Here, Plaintiff himself describes Defendants actions as "negligent." *See* Compl. at 8. Neither negligence nor gross negligence constitutes deliberate indifference. *Farmer*, 511 U.S. at 835-36 & n.4. Neither does "an isolated mishap alone . . . violate the Eighth Amendment," because such an event, while regrettable, does not suggest

cruelty or a "substantial risk of serious harm." *Baze,* 553 U.S. at 50 (citing *Farmer*, 511 U.S. at 842). Thus, as currently pleaded, the Court finds Plaintiff's Eighth Amendment failure to protect claims against Defendants are merely "consistent with" his possible liability, but, without more are insufficient to "nudge [Plaintiff's] his claim" of cruel and unusual punishment "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 678, 680 (citing *Twombly*, 550 U.S. at 557, 570).

Accordingly, Plaintiff's Eighth Amendment claims must be dismissed sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1).

### E.   Due Process Claims

Plaintiff further alleges to have been deprived of ninety days of behavior credit as a result of his disciplinary conviction. *See* Compl. at 8, 12. The Court finds this claim must also be dismissed for failing to state a claim upon which section 1983 can be granted because a finding in Plaintiff's favor would "necessarily imply the invalidity" of his disciplinary conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997).

*Heck* and *Balisok* make clear that constitutional claims involving a prison's disciplinary decision to revoke behavioral credits fail to state a claim under section 1983 since habeas corpus is the exclusive federal remedy whenever a claim for damages depends on a determination that a disciplinary judgment is invalid or the sentence currently being served is unconstitutionally long. *Balisok,* 520 U.S. at 643-44; *Heck*, 512 U.S. at 486-87; *see also Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (holding that a person in state custody may not use § 1983 to challenge "the very fact or duration of . . . confinement" by seeking "a determination that he is entitled to immediate release or a speedier release from that imprisonment."); *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) ("It has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983.").

Thus, in addition to amending his pleading to state an Eighth Amendment claim, Plaintiff must also amend to allege facts sufficient to show that Defendants' decision to revoke ninety days of his behavioral credit has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Until and unless he can do so, no cause of action will accrue under § 1983. *Id.*

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

2. Plaintiff is **GRANTED** sixty (60) days leave from the date of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action shall remain dismissed without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

DATED: November 4, 2014

_____
Hon. Roger T. Benitez
United States District Judge