# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESELEYE WALKER, CDCR #D-44672,<br><br>Plaintiff,<br><br>vs.<br><br>M. BECERRA; M.D. CARPIO; J. HATFIELD; S. ANDERSON,<br><br>Defendants. | Civil No.   14cv1558 BEN (PCL)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT AS MOOT; AND**<br><br>**(2)   SUA SPONTE DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

**I.   PROCEDURAL HISTORY**

On June 26, 2014, John Weseleye Walker ("Plaintiff"), currently incarcerated at Calipatria State Prison ("CAL") located in Calipatria, California, and proceeding pro se, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1). This Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. (Doc. No. 3.) Plaintiff was granted leave to file an amended complaint in order

to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On October 23, 2014, Plaintiff filed his First Amended Complaint ("FAC") (Doc. No. 7.)

The Court, once again, found that Plaintiff failed to state a claim and dismissed his FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). (Doc. No. 8.) Plaintiff was granted leave to file a Second Amended Complaint ("SAC"). On November 21, 2014, Plaintiff filed a Motion for Extension of time to file his SAC but before the Court could rule on this motion, Plaintiff filed his SAC (Doc. No. 11.) Therefore, Plaintiff's request for an extension of time is DENIED as moot.

## II.  SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)

### A.  Standard of Review

As the Court previously informed Plaintiff, notwithstanding IFP status or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2)(B), § 1915A(a), (b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

**B.     42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C.     Plaintiff's Allegations

Plaintiff was charged with a rules violation following a racial riot and placed in Administrative Segregation ("Ad-Seg"). (SAC at 4.) Following the issuance of the rules violation report, Plaintiff was "seen" by Senior Hearing Officer Carpio on August 28, 2012. (*Id.* at 5.)  At this hearing, Plaintiff was found guilty of the rules violation, held in Ad-Seg, given a ninety (90) day "SHU"[1] term and lost ninety (90) days of behavior credit which extends the length of Plaintiff's criminal sentence by ninety (90) days. (*Id.* at 11.)

### D.     Due Process Claims

Once again, Plaintiff alleges to have been deprived of ninety days of behavior credit as a result of his disciplinary conviction and seeks money damages, in part, for the extension of his criminal sentence. *See* SAC at 11, 17.  The Court finds Plaintiff's Fourteenth Amendment due process claim must be dismissed for failing to state a claim upon which section 1983 can be granted because a finding in Plaintiff's favor would "necessarily imply the invalidity" of his disciplinary conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997).

*Heck* and *Balisok* make clear that constitutional claims involving a prison's disciplinary decision to revoke behavioral credits fail to state a claim under section 1983 since habeas corpus is the exclusive federal remedy whenever a claim for damages depends on a determination that a disciplinary judgment is invalid or the sentence currently being served is unconstitutionally long. *Balisok,* 520 U.S. at 643-44; *Heck*, 512 U.S. at 486-87; *see also Preiser v. Rodriguez,* 411 U.S. 475, 487-88 (1973) (holding that a person in state custody may not use § 1983 to challenge "the very fact or duration of . . . confinement" by seeking "a determination that he is entitled to immediate release or a speedier release from that imprisonment."); *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) ("It has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in

---

[1]  "SHU" is an acronym for "Segregated Housing Unit."

habeas corpus, and not under § 1983.").

Plaintiff has already been informed by the Court that if he were to file an amended pleading he would have to allege facts sufficient to show that Defendants' decision to revoke ninety days of his behavioral credit has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Until and unless he can do so, no cause of action will accrue under § 1983. *Id.* (*See* Nov. 5, 2014 Order, Doc. No. 8, at 6.) Plaintiff has failed to make such a showing, and thus, his entire action must be dismissed.

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Extension of Time to File Second Amended Complaint (Doc. No. 10) is **DENIED** as moot.

2. Plaintiff's Second Amended Complaint (Doc. No. 11) is **DISMISSED** for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. § 1915A(b)(1).

3. Further leave to amend is **DENIED**. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); and

4. The Court **CERTIFIES** that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

DATED: December 18, 2014

_____
Hon. Roger T. Benitez
United States District Judge